{¶ 24} I respectfully disagree with the result reached by the majority in this case and would affirm the decision of the trial court based on the well reasoned opinion of the Sixth District inState v. Durnwald (2005), 163 Ohio App.3d 361, 2005-Ohio-4867.
 {¶ 25} In reaching this conclusion, I would note that in this case the majority has placed an impossible and unreasonable burden on the Appellee by requiring him to demonstrate that the evidence the arresting officer destroyed was materially exculpatory. In addition, the majority has not only ignored, but denigrated the evidence the Appellee offered at the trial level, and at the same time has given unquestioned credibility to the testimony of the arresting officer.
 {¶ 26} The majority states that the Appellee offered "no evidence to demonstrate that the erased videotape had an apparent exculpatory value." Yet, in the next sentence, the majority acknowledges that the Appellee testified that "he did not cross over the white line." The Appellee's testimony is direct evidence, and I question why the majority would say the Appellee's testimony is not evidence. Additionally, the majority states in regard to Appellee's statement that he did not cross over the white line, "[t]his assertion, standing alone, is insufficient to fulfill his burden, as it does no more than counter [the arresting officer's] testimony that he observed [Appellee] cross over the white line three times." In essence, the majority has stated that they believe the arresting officer, but not the Appellee.
 {¶ 27} The majority also asserts that at a jury trial, the jury will fairly and impartially evaluate the two versions of the evidence and come to a just decision. If experienced judges are blindly accepting the officer's testimony while automatically and completely disregarding the Appellee's testimony, can a jury of layman be expected to do differently? Furthermore, this approach ignores the basic difference between a jury trial and a suppression hearing. At a jury trial, the evidence presented will be much more inclusive, and in this case would include the results of Appellee's breath test. It is unreasonable to suggest that a jury, having received the results of a breath test above the legal limit, will ignore that result and give any weight to the issue of whether the Appellee crossed a white edge line, or how many times, and under what circumstances. In contrast, at a suppression hearing, a judge is to reach a legal conclusion based on very limited evidence.
 {¶ 28} The majority also stated that if Appellee had produced some independent evidence, their conclusion might have been different. But the State has admittedly destroyed the only other available independent evidence, the videotape showing Appellee's driving at the time in question. The destruction of the videotape, whether intentional or not, at the very least, should create a presumption of bad faith and should automatically shift the burden of proving exculpatory value onto the State. The State had complete control of the evidence, and only the arresting officer knew what was actually depicted on the videotape. I do not believe it is unreasonable to require him to safeguard the only independent evidence available in the case.
 {¶ 29} The majority opinion has accepted the logic of the rule in Forest, stating that "it is reasonable to conclude that the police, by their very conduct consider the evidence to be potentially helpful to the defense. Put another way, by proving the police acted in bad faith to a discovery request by destroying the evidence, the defendant has, to some extent established the exculpatory value of the evidence. We see nothing wrong in thereafter placing the onus on the state to demonstrate that the evidence is not exculpatory." Why does this same logic not apply where the State has reviewed the evidence, but the defendant has not even had an opportunity to make a discovery request?
 {¶ 30} Further, the majority is ignoring the obvious danger inherent in their approach to this issue. The majority is willing to presume bad faith when a defendant has made a request to the prosecution to produce evidence and the evidence is thereafter destroyed. However, where the evidence is destroyed prior to the defendant even having an opportunity to request it, as in this case, they would put the burden on the defendant to prove the impossible; that something the defendant has not had the opportunity to review was materially exculpatory. In other words, if the police agency can review the evidence prior to indictment and destroy whatever exculpatory evidence exists prior to a request for production being filed, then the police agency is off the hook.
 {¶ 31} I am not suggesting that the evidence was intentionally destroyed in this case. The point is that the majority's ruling in this case will create that temptation for abuse and tacitly approve such conduct. Indeed, the opinion inDurnwald suggests that in the Sixth District there already exists a concern about disappearing evidence. I do not want to encourage such a practice in this District.